## SACRAMENTO SUBURBAN FRUIT LANDS CO. v. SCHREINDL et al. *

Circuit Court of Appeals, Ninth Circuit. December 17, 1929.

No. 5684.

*Rehearing denied February 10, 1930.

Butler, Van Dyke & Desmond, of Sacramento, Cal., and Arthur C. Huston, of Woodland, Cal., for appellant.

Ralph H. Lewis and George E. McCutchen, both of Sacramento, Cal., for appellees.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

RUDKIN, Circuit Judge. This case belongs to the same class as Sacramento Suburban Fruit Lands Co. v. Melin, 36 F.(2d) 907, this day decided.

The errors specified in the brief are: The overruling of a demurrer to the complaint; the admission of testimony on cross-examination over objection; an instruction in reference to the value of the land for poultry raising; the refusal of the court to give a requested instruction on the statute of limitations and the failure to fully instruct on that subject, and an instruction in reference to the contents of a certain pamphlet in evidence.

The demurrer to the complaint was overruled by consent, and no error can be predicated on such a ruling.

The testimony elicited on the cross-examination of the witness was in no wise prejudicial to the appellant, and it is utterly immaterial whether the limits of cross-examination were exceeded or not.

The court instructed the jury that the plaintiff was under no obligation to disprove that the land was valuable for poultry raising. That the land was valuable for that

purpose was one of the representations made by the seller, but there is no claim that that particular representation was false. To that extent, at least, the instruction was free from error. The value of the land for that specific purpose could only become material on the question of damages and the jury was properly instructed on that question. At least, there was no exception to the charge in that regard.

On the question of the statute of limitations (Code Civ. Proc. § 338), the court instructed the jury as follows:

"So, going back to the statute of limitations, if, by the greater weight of the evidence, you find that they brought this suit within three years after they discovered the fact that they were defrauded or should have known it with such reasonable diligence as he ought to have given to it, then the suit is in time and you will find for him.

"If he was put on notice by circumstances that ought to have directed him to the truth, or if by reasonable diligence, without employing experts or without any abstruse investigation, any difficult investigation, he might be held to have known of it. He says he talked with the neighbors. He does not say that he learned anything about the value; that was probably within three months after he came there. But he says that he did not ascertain the truth. He says he began to get suspicious in 1926, but did not ascertain the truth that he had been defrauded until after that time. So it is left to you, Gentlemen of the Jury. The burden is on him to prove by the greater weight of the evidence that he brought his suit in time."

Ordinarily, the question whether defrauded parties exercised due diligence in discovering the fraud is a question of fact for the jury, and such was in effect the charge of the court in this case. The court added, however, that it was not incumbent upon them to employ experts or to make abstruse or difficult investigations. Whether it was necessary to employ experts or to make such investigations would necessarily depend upon the facts of the particular case. But there is hardly any contention here that a discovery of the fraud would require either the employment of experts or the difficult investigation referred to, and we cannot say that the instruction was prejudicial under the circumstances.

The instruction of the court in reference to the pamphlet admitted in evidence was no more than a fair comment on the contents of the document itself.

The judgment is affirmed.

WILBUR, Circuit Judge. I concur on the ground stated in my concurring opinion in the H. A. Lindquist Case (C. C. A., No. 5703) 37 F.(2d) —— [1].